United States District Court
For the Northern District of California

1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7
In Re: Cathode Ray Tube (CRT) ) Case No. 07-5944 SC
8 Antitrust Litigation ) MDL No. 1917
)
9 _____ ) PRETRIAL ORDER NO. 1
)
10 This Document Relates to: )
)
11 ALL ACTIONS )
)
12 _____ )

13

14 On April 4, 2008, the Court conducted a status conference in

15 this multidistrict litigation ("MDL") proceeding. After

16 considering the materials submitted by the parties at the

17 conference and good cause appearing, the Court hereby establishes

18 the following pretrial procedures.

19 **PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO §
1407(a) (REVISED)**

20

21 1. This order shall govern the practice and procedure in

22 those actions transferred to this Court by the Judicial Panel on

23 Multidistrict Litigation (MDL Panel) pursuant to its order of

24 February 15, 2008, as well as all related actions originally filed

25 in this Court or transferred or removed to this Court. This order

26 shall also govern the practice and procedure in any tag-along

27 actions transferred to this Court by the MDL Panel pursuant to

28 Rule 7.4 of the Rules of Procedure of the MDL Panel subsequent to

the filing of the final transfer order by the Clerk of this Court

and any related actions subsequently filed, transferred or removed

to this Court.

2. The actions described in paragraph 1 of this Order are

consolidated for pretrial purposes.

**ESTABLISHMENT OF MASTER DOCKET AND FILE**

3. The files of all direct purchaser actions and indirect

purchaser actions shall be maintained in the master file, Case No.

C-07-5944 SC MDL No. 1917.  Every pleading filed in direct

purchaser actions and indirect purchaser actions shall bear the

above caption.  When a pleading or paper is intended to be

applicable to all actions, the words "All Actions" shall appear

immediately after the words "This Document Relates to:" in the

caption above.  When a pleading or paper is intended to be

applicable only to all direct purchaser actions, the words "All

Direct Purchaser Actions" shall appear in the caption.  When a

pleading or paper is intended to be applicable only to all

indirect purchaser actions, the words "All Indirect Purchaser

Actions" shall appear in the caption.

4. All pleadings and submissions in these actions shall be

e-filed both in the master docket and in the individual case

docket(s) of any individual case(s) to which the submission

pertains.  All submissions filed in these actions shall bear the

identification "Case No. C-07-5944 SC MDL No. 1917," and when such

a submission relates to all of these actions, following "Case No.

C-07-5944 SC MDL No. 1917," shall be the notation "ALL CASES."  If

a submission does not relate to all of these actions, the docket

2

number of the individual action or actions assigned by the Clerk

of the Court shall follow "Case No. C-07-5944 SC MDL No. 1917."

The chambers copy of each document e-filed in these cases must

clearly indicate the docket number assigned by the electronic case

filing system to each such document.

**APPEARANCES**

5.  Counsel who have not yet entered an appearance shall
electronically file a Notice of Appearance in the master docket
and in the individual case docket(s) of any individual case(s).
Counsel who appeared in a transferor court prior to their case
being transferred to this Court need not enter an additional
appearance before this Court.

6.  Attorneys admitted to practice and in good standing in
any United States District Court are admitted pro hac vice in this
litigation.  Pursuant to Rule 1.4 of the Rules of Procedure of the
Judicial Panel on Multidistrict Litigation, association of local
counsel is not required.

**COMMUNICATIONS WITH THE COURT AND COUNSEL**

7.  Unless otherwise ordered by the Court, all substantive
communications with the Court shall be e-filed.

8.  The Court recognizes that cooperation by and among
plaintiffs' counsel and by and among defendants' counsel is
essential for the orderly and expeditious resolution of this
litigation.  The communication of information among and between
plaintiffs' counsel and among and between defendants' counsel
shall not be deemed a waiver of the attorney-client privilege or
the protection afforded attorney work-product.  Nothing contained

3

**United States District Court** For the Northern District of California

United States District Court

For the Northern District of California

1  in this provision shall be construed to limit the rights of any

2  party or counsel to assert the attorney-client privilege or

3  attorney work-product doctrine.

4        **FILING AND SERVICE OF PAPERS AND PLEADINGS**

5        9.   These cases are subject to Electronic Case Filing

6  ("ECF"), pursuant to General Order 45, Section VI, which requires

7  that all documents in such a case be filed electronically.

8  General Order, Section IV(A) provides that "[e]ach attorney of

9  record is obligated to become an ECF User and be assigned a user

10 ID and password for access to the system upon designation of the

11 action as being subject to ECF." If he or she has not already done

12 so, counsel shall register forthwith as an ECF User and be issued

13 an ECF User ID and password.   Forms and instructions can be found

14 on the Court's website at

15 https://ecf.cand.uscourts.gov/cand/index.html.   All documents can

16 be e-filed in the master file, Case No. C-07-5944 SC MDL No. 1917.

17        10.   Papers that are filed electronically through the Court's

18 ECF system are deemed served on all parties as of the date of

19 filing.   All other service of papers shall be governed by the

20 Federal Rules of Civil Procedure unless otherwise agreed by the

21 parties.

22        11.   Permission to file briefs in excess of the page limits

23 set forth in Rule 7 of the Local Rules will not be routinely

24 granted in these cases.   Stipulations allowing oversized briefs

25 will not be approved unless submitted at least five (5) court days

26 before the first brief addressed in the stipulation is due.

27        12.   All parties are to make best efforts to resolve

28                                    4

1  scheduling and other procedural issues by conferring with opposing

2  counsel in the case(s) before contacting the court.

3  **EVIDENCE PRESERVATION**

4  13.  All parties and their counsel are reminded of their duty

5  to preserve evidence that may be relevant to this action.  The

6  duty extends to documents, data and tangible things in the

7  possession, custody and control of the parties to this action, and

8  any employees, agents, contractors, carriers, bailees, or other

9  non-parties who possess materials reasonably anticipated to be

10  subject to discovery in this action.  "Documents, data, and

11  tangible things" shall be interpreted broadly to include writings,

12  records, files, correspondence, reports, memoranda, calendars,

13  diaries, minutes, electronic messages, voicemail, e-mail,

14  telephone message records or logs, computer and network activity

15  logs, hard drives, backup data, removable computer storage media

16  such as tapes, discs and cards, printouts, document image files,

17  Web pages, databases, spreadsheets, software, books, ledgers,

18  journals, orders, invoices, bills, vouchers, check statements,

19  worksheets, summaries, compilations, computations, charts,

20  diagrams, graphic presentations, drawings, films, charts, digital

21  or chemical process photographs, video, phonographic, tape or

22  digital recordings or transcripts thereof, drafts, jottings and

23  notes, studies or drafts of studies or other similar such

24  material.  Information that serves to identify, locate or link

25  such material, such as file inventories, file folders, indices,

26  and metadata, is also included in this definition.  Until the

27  parties reach an agreement on a preservation plan or the Court

28

**United States District Court**
For the Northern District of California

5

1 orders otherwise, each party shall take reasonable steps to

2 preserve all documents, data, and tangible things containing

3 information potentially relevant to the subject matter of this

4 litigation.  In addition, counsel shall exercise all reasonable

5 efforts to identify and notify parties and non-parties of their

6 duties, including employees of corporate or institutional parties,

7 to the extent required by the Federal Rules of Civil Procedure.

8        **PROTECTIVE ORDER**

9       14.  The parties shall meet and confer regarding a protective

10 order for this proceeding.  Within 30 days of the entry of an

11 Order appointing interim lead class counsel, the parties shall

12 present a stipulated protective order, or in the event a

13 stipulation cannot be reached, their respective proposals.

14        **DISCLOSURES**

15       15.  Within 30 days of the entry of this Order, the parties

16 shall complete a Rule 26(f) conference and shall make initial

17 disclosures within 14 days thereafter.

18        **ALTERNATIVE DISPUTE RESOLUTION**

19       16.  Within 30 days of the entry of an Order appointing

20 interim lead class counsel, the parties shall discuss the

21 selection of an alternative dispute resolution process.

22        **FURTHER CASE MANAGEMENT CONFERENCE**

23       17.  The Court shall conduct a Status Conference on July 11,

24 2008 at 10:00 A.M.  The parties shall electronically file a Joint

25 Case Management Statement ten (10) court days prior thereto.

26 ///

27 ///

28
                              6

**United States District Court**
For the Northern District of California

**APPLICABILITY OF ORDER**

18.   This Order shall apply to all actions subsequently filed in, or transferred to, this district that are related to this MDL proceeding.   Any party objecting to the application of this Order to a subsequently filed or transferred case shall file a motion for relief supported by good cause within 30 days of the case being added to the master docket.

DATED:   April 4, 2008

_____
UNITED STATES DISTRICT JUDGE